# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ERIC ORLANDO FOWLER,**

    **Plaintiff,**

vs.                                            Case No. 3:22cv09395-MCR-MAF

**UNITED STATES TREASURER,**
et al.,

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

    This case was initiated by a pro se prisoner who submitted a document entitled, "writ of error." ECF No. 1. The Clerk's Office opened this case as a petition for habeas corpus. While a "petition for a writ of error coram nobis" could, in some instances be used to seek habeas relief, *see* 28 U.S.C. § 1651(a) and United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999), this is not such a case. There was no request for release from detention or incarceration, nor did Plaintiff challenge a conviction or sentence. Moreover, "[c]oram nobis relief is unavailable to a person . . . who is still in custody," United States v. Brown, 117 F.3d 471, 475 (11th

Cir. 1997) (quoted in Garcia, 181 F.3d at 1274), and Plaintiff is incarcerated in the Florida Department of Corrections. See ECF No. 1 at 4, 26, and 53. Thus, the Clerk of Court was required to correct the docket and note this case was a civil action. ECF No. 3. Additionally, Plaintiff was required to either pay the filing fee for this case or did he file a motion for leave to proceed in forma pauperis. Id. In addition, Plaintiff was required to submit a proper "complaint," and he was informed that he could not re-litigate a claim in federal court that he already litigated in state court. Id.

Therefore, Plaintiff submitted "directions to the clerk," ECF No. 4, he returned the prior Order after making personal notations on it, ECF No. 5, and he submitted another "writ of habeas corpus for the private citizen," ECF No. 7, which is, first, frivolous, and second, successive.[1] What Plaintiff did not do was comply with the prior Order by paying the filing fee or filing an in forma pauperis motion and filing a proper complaint. Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply by the August 16, 2022, deadline. This case should now be dismissed.

---

[1] Judicial notice is taken that Plaintiff previously filed a § 2254 habeas petition in this Court - case number 3:20cv05925-LC-MAF - which was transferred to the Middle District of Florida in December 2020. The case is still pending. Case # 8:20cv02932.

Case No. 3:22cv09395-MCR-MAF

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Court has inherent power "to dismiss sua sponte for lack of prosecution" as courts must necessarily have authority "to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  It is within this Court's discretion and "inherent authority" to dismiss this case for failing to comply with a court Order.  Smith v. Bruster, 424 F. App'x 912, 915 (11th Cir. 2011).  Plaintiff has failed to comply with two Court Orders and was warned of the consequences.  Dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with Court Orders.

**IN CHAMBERS** at Tallahassee, Florida, on August 24, 2022.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**